JEMMA DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
  *JDunn@GGTrialLaw.com*
  *MHale@GGTrialLaw.com*
  *MMassey@GGTrialLaw.com*

*Attorneys for Plaintiff Phaedra Fitzgerald*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHAEDRA FITZGERALD, an individual,<br><br>Plaintiff,<br><br>V.<br><br>JXM, INC., a Texas corporation; MAIN BUILDING MAINTENANCE, INC., a Texas corporation,<br><br>Defendants. | Case No.: 2:25-cv-01147-MMD-EJY<br><br>**[PROPOSED]**<br><br>**STIPULATED PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between the Parties to *Phaedra Fitzgerald v. JXM, Inc. and Main Building Maintenance, Inc.* (Case No. Case No.: 2:25-cv-01147-MMD-EJY), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, and in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), including all applicable regulations issued by

the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), the Parties stipulate as follows:

**1.    Definitions.**

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.    "Proceeding" means the above-entitled proceeding, Case No. 2:25-cv-01147-MMD-EJY

b.    "Court" means any judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.    "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

d.    "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e.    "Designating Party" means the Party that designates Materials as "Confidential."

f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g.    "Documents" means any "writing," "recording," and "duplicate" as those terms are defined by the Federal Rules of Evidence, Rule 1001.

h.    "Information" means the content of Documents or Testimony.

i.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

**2.    Scope.**

a.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable

2

law.

b.    The protections conferred by this Stipulation and Protective Order cover not only Confidential Materials (as defined above), but also (1) any confidential information copied or extracted from Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials. However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

c.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

d.    "Covered entities," as defined by 45 C.F.R. § 160.103 are authorized to disclose the protected health information, as defined by 45 C.F.R. §§ 103 and .501, of Plaintiff to all attorneys in this action, and such protected health information shall only be used in connection with this Proceeding, including any appeals.

3.    **Designating Confidential Material.**

Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

3

a.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

b.      For Testimony given in depositions the Designating Party may either:

i.      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii.      designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c.      For Testimony given in other pretrial or trial proceedings, the Designating Party shall identify on the record, before the close of the hearing or other proceeding, all protected testimony.

d.      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

**4.      Designation of Documents Produced by Third Parties.**

a.      Designation by Third-Party. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and

4

Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

b.    Designation by Party.  Any Party may designate as "CONFIDENTIAL" any document that is produced or disclosed without such designation by any third party within thirty (30) days of production of such document (or such other time as may be agreed in writing), provided that such document contains Confidential Information which was not redacted.

i.    Parties to the Proceeding may designate such documents as "CONFIDENTIAL" by sending written notice of such designation, accompanied by copies of the designated document bearing the "CONFIDENTIAL" stamp, to all other Parties in possession or custody of such previously undesignated document. Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within ten (10) calendar days of receipt of such notice (or such other time as may be agreed in writing), either (a) destroy all undesignated copies of such document in their custody or possession, or (b) alternately shall affix the "CONFIDENTIAL" stamp to all copies of such designated document in their custody or possession.

ii.    Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information

5

STIPULATED PROTECTIVE ORDER

under the terms of this Order.

**5.      Inadvertent Failure to Designate.**

The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

**6.      Challenging Confidentiality Designations.**

a.      <u>Objection and Meet and Confer</u>. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents,

6

STIPULATED PROTECTIVE ORDER

Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). The parties respective counsel shall attempt to resolve each challenge in good faith and must begin the process by meeting and conferring via an in person meeting, videoconference, or teleconference within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and the Designating Party must reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation. The parties may proceed to the next stage of the challenge process only if they have engaged in this meet and confer process first or establish that the other party is unwilling to participate in the meet and confer process in a timely manner.

b. <u>Stipulation Regarding Discovery Dispute</u>. If the Parties cannot resolve the designation of Documents, Testimony or Information via meet and confer, the Parties shall file a single document with the Court captioned "Stipulation Regarding Discovery Dispute" that contains: (i) A brief, joint summary of the discovery dispute not to exceed one (1) page, (ii) A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests, (iii) A joint summary of the meet-and-confer efforts as required by Local Rule IA 1-3(f), that may not exceed two (2) pages, (iv) an explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side, and (v) Each side must make a proposal of compromise or resolution of the disputed discovery (e.g., request, interrogatory, deposition question). The proposal may not exceed two (2) pages per side. After the Stipulation Regarding Discovery Dispute is filed with the Court will either set up a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.

**7.** **<u>Access to Confidential Materials.</u>**

Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the Court;

STIPULATED PROTECTIVE ORDER

b.    Plaintiff;

c.    attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

d.    those officers, directors, partners, members, employees and agents of all Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

e.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

f.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

g.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

STIPULATED PROTECTIVE ORDER

h.        outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

i.        any other person that the Designating Party agrees to in writing.

**8.        <u>Ability to Modify or Seek Relief From This Stipulation and Protective Order.</u>**

a.        Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

b.        Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

i.        operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

ii.        prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

1.        to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

2.        to seek relief from the Court on appropriate notice to all other

9

STIPULATED PROTECTIVE ORDER

Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

**9.     <u>Use of Confidential Materials</u>**

a.      Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

b.      <u>Filing Confidential Material.</u> The Parties agree to discuss filing Confidential Material in good faith in advance of each instance so that they can jointly request that the Court permit the filing under seal or with redactions, as appropriate.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Materials. A Party that seeks to file a pleading or paper containing Confidential Materials must comply with Local Rule IA 10-5 and file a contemporaneous motion for leave to file documents under seal addressing the substantive standards set forth in *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  The motion to seal must: (1) specifically identify each document or portion thereof containing "Confidential information" that the party seeks to file under seal; (2) demonstrate good cause (for non-dispositive papers or pleadings filed with the Court) or compelling reasons (for dispositive papers and pleadings filed with the Court) why the Confidential information should be protected; and (3) explain why redaction or other alternatives to sealing are not sufficient. Any response to a motion to seal must be filed within fourteen (14) days with the Court. If no timely response is filed, the Court may grant the motion as unopposed. All papers or pleadings seeking leave of court to file which contain "Confidential" information shall be provisionally filed under seal and will remain sealed until the Court either denies the motion to seal or enters an order unsealing them.  Any party who files a paper or pleading with the Court under seal must serve an unredacted version on opposing counsel via a secure file transfer method and paper service as delineated in LR IC 4-1(c)(4). Within 10 days after of the Court's order denying

10

STIPULATED PROTECTIVE ORDER

a motion to seal, the filing party must either: (a) withdraw the sealed document, or (b) file an unsealed version of the document with only those redactions permitted by the Court's order.

c.  Use of Confidential Materials at Trial. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and may move the Court for entry of an appropriate order.

d.  Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

**10.  Duration.**

a.  This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

b.  Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof except that counsel for each Party may maintain all contents of its files in accordance with the Nevada Rules of Professional Conduct or other applicable record-keeping requirements, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and pleadings filed with the Court, deposition transcripts and/or recordings together with the exhibits marked at the deposition, trial and hearing transcripts, and expert reports and work product), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other

11

Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

c.        Whether the Confidential Material is returned or destroyed, the receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline confirming that all the Confidential Material was returned or destroyed and affirming that the receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material, subject to the terms of this Stipulation and Protective Order. Notwithstanding this provision, counsel for each Party may maintain all contents of its files in accordance with the Nevada Rules of Professional Conduct or other applicable record-keeping requirements.  A Party's failure to comply with this provision of this Stipulation and Protective Order shall be deemed immaterial and shall not be considered a breach of this agreement.  If a Party fails to comply with this paragraph, the other party may request assurances in accordance with the terms of this paragraph, which shall be provided as soon as practicable in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and correspondence, pleadings filed with the Court, deposition transcripts and/or recordings together with the exhibits marked at the deposition, trial and hearing transcripts, and expert reports and work product.

**11.    Miscellaneous.**

a.        If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

b.        Any Party to the Proceeding who has not executed this Stipulation and

12

Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

c.      Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

d.      This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

e.      After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

f.      The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

g.      This Stipulation and Protective Order may be executed in counterparts.

13

STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED.**

Dated: January 23, 2026

**GREENBERG GROSS LLP**

 */s/ Marian L. Massey*
JEMMA DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*

Dated: January 23, 2026

**O'HAGAN MEYER PLLC**

*/s/ Coco Padilla*
JEFF WINCHESTER
Nevada Bar No. 10279
JORGE "COCO" PADILLA
Nevada Bar No. 16295
300 S. 4th Street, Suite 1250
Las Vegas, Nevada 89101

*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 23, 2026

14

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, *Phaedra Fitzgerald v. JXM, Inc. and Main Building Maintenance, Inc.* (Case No. 2:25-cv-01147-MMD-EJY).  I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Material, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

DATED: _____          BY: _____
                                                                            Signature
                                                     Title _____

                                                     Address _____

                                                     City, State, Zip _____

                                                     Telephone _____

_____

STIPULATED PROTECTIVE ORDER